In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00145-CV
______________________________


EBS CONSTRUCTION, INC., AND 
BATTLES STEEL CONSTRUCTION, INC., Appellants
 
V.
 
J. D. DREW, Appellee


                                              

On Appeal from the 159th Judicial District Court
Angelina County, Texas
Trial Court No. CV-30146-97-4


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Appellants, EBS Construction, Inc., and Battles Steel Construction, Inc., have moved this
Court to dismiss its appeal against appellee, J. D. Drew. As authorized by Tex. R. App. P. 42.1, we
grant appellants' motion for dismissal.
            Accordingly, we dismiss the appeal. 
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          January 26, 2004
Date Decided:             January 27, 2004

             



font-family: Times New Roman"> As for Davison's contention that Brown's testimony was inadmissible under Rule 509(b) and
because Davison was not given the Miranda warnings, she did not object to Brown's testimony at
the revocation proceeding and has, therefore, waived the issue. See Tex. R. App. P. 33.1(a).



 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 23, 2002

Date Decided: January 30, 2003


Do Not Publish
1. Davison also contends the trial court abused its discretion in revoking her community
supervision because the record shows she did not fail to "avoid injurious or vicious habits, including
abstaining from the use of all intoxicating beverages," as required under the terms of her community
supervision. The record is clear, however, that the State did not allege she violated this requirement
and that the trial court did not revoke her community supervision for this reason.